UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| FREDERICK BANKS,<br><br>                    Plaintiff,<br><br>v.<br><br>TIMOTHY PIVNICHNY, et. al.,<br><br>                    Defendants. | Case No. 1:15-cv-00189-CWD<br><br>**ORDER** |

# INTRODUCTION

Plaintiff Frederick Banks, a resident of Pittsburg, Pennsylvania, appears pro se in this matter. The complaint, filed on June 1, 2015, names seventy-eight defendants. The Clerk of Court conditionally filed Banks' complaint as a result of his in forma pauperis request. Pursuant to 28 U.S.C. §1915, this Court must review Plaintiff's in forma pauperis complaint to determine whether it should be summarily dismissed.

Plaintiff's complaint is subject to dismissal because this Court lacks jurisdiction. Because Plaintiff, the only party appearing in this case, has not consented to the

**MEMORANDUM DECISION AND ORDER - 1**

jurisdiction of a United States Magistrate Judge to enter final orders in this case,[1] the Court enters the following order directing the Clerk of the Court to reassign this matter to a District Judge for consideration of an order dismissing the complaint.

## BACKGROUND[2]

The various defendants named in the complaint include forty-four judges who are not judges of the District of Idaho; several United States Senators, including Hillary Rodham Clinton and Mitt Romney; the "United States Senate" and "Congress"; one newspaper; the CIA, including its director, and the office of Science and Technology; the FBI; President Obama; the United States District Court for the Western District of Pennsylvania; the Administrative Office of the United States Courts; the United States Probation Office; and several physicians and other named individuals, none of whom appear to reside in Idaho. According to the complaint, the claim arises out of events that occurred in 2003 and 2004, when Defendant Special Agent Timothy Pivnichny of the FBI[3] interviewed Plaintiff's fiancée, Meredith Bondi, in an alleged attempt to intimidate her and presumably incriminate Plaintiff. Plaintiff alleges that he reported this incident, but that an elaborate cover up ensued, involving judges and others. No other detail is provided.

Plaintiff further alleges that after the incident, Pivnichny:

---

[1] *See United States v. Real Property*, 135 F.3d 1312, 1316 (9th Cir. 1998) (holding that in an in rem civil forfeiture action wherein the plaintiff consented, the magistrate judge had jurisdiction to enter a final judgment over a defaulted person who was technically not a "party" to the litigation); *Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) (reasoning that unserved defendants are not parties).
[2] The facts stated in the complaint will be taken as true for purposes of the Court's review.
[3] According to the complaint, Pivnichny received a promotion and resides in Tampa, Florida.

**MEMORANDUM DECISION AND ORDER - 2**

used his skills again this time It was to repair and cause to repair of an Orbit II DVD/CD Copier made by Microboards. What Pivnichny didn't know then is that Plaintiff had called Microboards just prior to him confiscating the Microboards Orbit II Plaintiff called Microboards the manufacturer of the Orbit II to let them know that the machine never worked and that he needed to return it to get repaired or replaced. Microboards then sent Plaintiff a return authorization form to place in the box which Plaintiff did and sealed the box. However, when the Orbit II was next seen and demonstrated by Pivnichny amazingly the Orbit II worked. Pivnichny either fixed it or caused it to be fixed. In these two ways he set up Frederick H. Banks.

Plaintiff further alleges that Defendant Booz Allen Hamilton and agents of the CIA began to bombard him "with a wireless signal to electronically harass him at the request of the FBI to retaliate for Banks having exposed the fact that Pivnichny set him up." Plaintiff apparently reported this information to the Defendant Pittsburgh Post Gazette, which instead of investigating, published "six separate articles in the Post Gazette lambasting Banks."

Plaintiff alleges that all of the Defendants named in the complaint knew or had reason to know that Pivnichny set up Plaintiff, because Plaintiff spent ten years writing to them and explaining to them what happened. Plaintiff seeks 500,000,000.00 for violations of his Fifth and Fourteenth Amendment Right to due process, and because the Sioux Treaty of Fort Laramie was violated. Plaintiff further alleges that each and every defendant acted "as 'bad men' in violation of the treaty when they either set Banks up or covered it up or refused to investigate Bank's allegations." Apparently, several of the named defendants recommended Banks receive mental health treatment.

**MEMORANDUM DECISION AND ORDER - 3**

# ANALYSIS

**1.      Standard of Review**

Pro se complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Therefore, because Plaintiff proceeds pro se, the Court will construe his pleadings liberally and afford him the benefit of any doubt. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).

Section 1915(e) of Title 28 of the United States Code authorizes federal courts to dismiss claims filed in forma pauperis "at any time if the court determines that ... the action ... is frivolous or malicious ... [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss a complaint or any portion thereof which states a claim that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

If a complaint fails to state a claim, the court must grant the plaintiff leave to amend, "even if no request to amend the pleading was made, unless [the court] determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). Indeed, a dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment." *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009).

**2.      Jurisdiction and Venue**

The Court's power to exercise personal jurisdiction over non-resident defendants is limited by both the applicable state personal jurisdiction statute (long-arm statute) and the Due Process Clause. *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1110 (9th Cir.2002); *Sher v. Johnson*, 911 F.2d 1357, 1360 (9th Cir.1990). In other words, an analysis of personal jurisdiction has two components. First, there must be a statute that gives the court authority to exercise jurisdiction over claims presented. *Nat'l Union Fire Ins. Co. of Pittsburgh v. Aerohawk Aviation, Inc.*, 259 F.Supp.2d 1096, 1101 (D. Idaho 2003) (citing *Data Disc Inc. v. Systems Tech. Assocs., Inc.*, 557 F.2d 1280, 1286 (9th Cir.1997)). Second, the exercise of jurisdiction must meet Constitutional standards. *Id*.

Idaho's long-arm statute, Idaho Code § 5-514(b), grants an Idaho court jurisdiction over non-residents regarding any cause of action arising from (a) the transaction of any business within this state; (b) the commission of a tortious act within Idaho; (c) ownership of property located within Idaho; (d) a contract of insurance to insure a person, property, or risk located within Idaho at the time of contracting; (e) maintenance of a domicile within Idaho relating to divorce; or (f) in certain paternity actions.

Plaintiff's complaint contains no indication that any factor outlined in Idaho Code §5-514(b) is satisfied. Although the complaint does not specify, it appears none of the individuals mentioned in the complaint reside in Idaho. Plaintiff does not reside in Idaho. And the genesis of Plaintiff's causes of action arise from events that occurred in Pennsylvania. Given these circumstances, under any of the factors that may exist to

confer jurisdiction, it cannot be said that Idaho's long-arm statute is satisfied or that jurisdiction exists in this case.

Due process also is not satisfied. Due process requires that, for non-resident defendants to be subject to jurisdiction in a foreign court, they must have certain "minimum contacts" with the forum state such that the traditional notions " 'of fair play and substantial justice' " are not offended. See Sher, 911 F.2d at 1361 (quoting *Internat'l Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945)). States may exercise general or specific jurisdiction over non-resident defendants. *See Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 414-15 (1984).

General jurisdiction can be asserted when the defendant's activities in the forum state are "continuous and systematic" or "substantial." *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 445 (1952); *see also Lake v. Lake*, 817 F.2d 1416, 1420 (9th Cir.1987). Alternatively, to find specific jurisdiction over a non-resident defendant, courts look to the three-part test as applied in *Lake*, 817 F.2d at 1420.

There are no allegations within Plaintiff's complaint that the named Defendants or any other individuals mentioned in the complaint reside anywhere other than outside of Idaho, sufficient to suggest that Defendants' contacts (whatever they are) are continuous or systematic enough to approximate individual presence in Idaho. Therefore, there is no general jurisdiction in this situation.

There is no specific jurisdiction either. To find specific jurisdiction, a three-part test applies: (1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by

**MEMORANDUM DECISION AND ORDER - 6**

Case 1:15-cv-00189-EJL Document 12 Filed 06/26/15 Page 7 of 14

which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.* it must be reasonable. *Lake*, 817 F.2d at 1421.

Not only does the complaint lack any allegations of jurisdiction, this is an action that relates to proceedings and acts that occurred within the State of Pennsylvania. There is no indication that any Defendant directed any conduct toward Idaho in any way as to purposefully avail themselves of the privilege of conducting activities here. Moreover, Defendants could not have anticipated being haled into an Idaho court based upon conduct that allegedly took place exclusively in Pennsylvania against a Pennsylvania resident. That is, Plaintiff's claims necessarily do not arise out of any individual's Idaho activities when all of the purported wrongdoing occurred in Pennsylvania. Therefore, as with general jurisdiction, there is no specific jurisdiction here.

3.      **Venue**

A plaintiff bears the burden of showing that venue is proper in the instant forum. *Schenck v. Motorcycle Accessory Warehouse, Inc*., 2007 WL 1138915 (D. Idaho April 17, 2007) (citing *Piedmont Label Co. v. Sun Garden Packing Co*., 598 F.2d 491, 496 (9th Cir.1979)). At the same time, there is a strong presumption in favor of the plaintiff's forum choice. *Schenck*, 2007 WL 1138915 at *1 (citing *Ravelo Monegro v. Rosa*, 211 F.3d 509, 513 (9th Cir.2000)).

**MEMORANDUM DECISION AND ORDER  - 7**

Plaintiff's complaint contains no facts supporting venue in Idaho. It appears the individuals or entitles named in the complaint are residents of states other than Idaho, and Plaintiff resides in Pennsylvania. Second, it appears the events occurred in Pennsylvania. If any judicial district is the appropriate venue for this action, it is in Pennsylvania, not Idaho. *See* 28 U.S.C. § 1291(a)(2). Finally, because Defendants are not subject to personal jurisdiction in Idaho, Idaho should not host this action, particularly considering that there may be a "district in which the action may otherwise be brought." *See* 28 U.S.C. § 1391(a)(3).

4. **Federal Question Jurisdiction**

Despite being subject to dismissal for the above reasons, the Court will comment upon the only other reason Plaintiff asserted for jurisdiction. Plaintiff alleges federal question jurisdiction, and his complaint alleges that the facts support a claim under the Fifth and Fourteenth Amendments to the United States Constitution, as well as the Sioux Treaty of Fort Laramie. Federal district courts have original jurisdiction of cases encompassing those disputes "arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. "Absent diversity of citizenship, federal question jurisdiction is required." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

To assert a constitutional claim, a complaint must allege: (1) factual allegations showing that a constitutional or other federal right has been violated; (2) the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights; (3) the dates on which the conduct of each defendant allegedly took place; and (4) the specific conduct or action Plaintiff alleges is unconstitutional. *See Ellis*

**MEMORANDUM DECISION AND ORDER - 8**

*v. Cassidy*, 625 F.2d 227 (9th Cir. 1980); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. *See Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

A complaint may also be dismissed under Rule 8 of the Federal Rules of Civil Procedure if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). In other words, although Rule 8 "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," the complaint has not stated a claim that is plausible on its face. *Id.* (internal quotation marks omitted). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. *See Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff's complaint fails under the standards of Rule 8. The complaint initially alleges a harm that occurred to Plaintiff's fiancée, not to Plaintiff. The alleged conspiracy is, for the most part, unintelligible. It is difficult to understand how an elaborate cover-up and conspiracy began with an investigation and later the repair of a copier. Plaintiff seeks relief against numerous government officials, but fails to explain how those officials participated in the conspiracy. Plaintiff's neural monitoring claim is so bizarre and delusional that it is insubstantial, and this Court lacks subject matter jurisdiction over it.

**MEMORANDUM DECISION AND ORDER  - 9**

*See O'Brien v. United States Dep't of Justice*, 927 F.Supp. 382, 385 (D.Ariz. 1995), *aff'd by* 76 F.3d 387 (9th Cir.1996) (unpublished) (dismissing claim that various defendants, including the United States Department of Justice, had assaulted the plaintiff using electronic and satellite equipment, contaminated the plaintiff with germs, and conspired to dictate whom she should marry); *see also Byars v. U.S. Gov't.*, No. 1:14–CV–00316–CWD, 2014 WL 7360086 (Dec. 23, 2014) (dismissing complaint alleging "remote neural monitoring" without his consent for lack of subject matter jurisdiction). The allegations do not give rise to a cognizable cause of action, nor does the complaint contain a plain statement showing that Plaintiff is entitled to relief from any of the named defendants.

The lack of specificity and comprehensibility is fatal. There is no attempt to match up any factual allegation or specific legal claim to a named defendant or any other individual, other than the vague allegations against Defendant Pivnichny. The complaint does not contain dates or time frames, other than the reference to the incident that occurred in 2003 or 2004, when Pivnichny brandished a gun before Plaintiff's fiancée.[4] The complaint is completely devoid of the "who, what, why, where, and when" necessary for the complaint to set forth a claim for relief. Moreover, it is entirely unclear what role or actions, if any, the Defendants named in the complaint took to deprive Plaintiff of any particular constitutional or federally guaranteed right. Although the complaint contains a passing reference to the Fifth and Fourteenth Amendments, and the Sioux Treaty, Plaintiff has not alleged a private cause of action based on any federal law.

---

[4] As such, any cause of action relating to Pivnichny's acts belong to Plaintiff's fiancée, not Plaintiff.

**MEMORANDUM DECISION AND ORDER - 10**

Turning to the actual elements that would need to be pled, Plaintiff's claim fails as well for additional reasons. Plaintiff has not stated a cause of action under the Fifth Amendment. The Ninth Circuit Court of Appeals has clarified that the "Fifth Amendment prohibits the federal government from depriving persons of due process, while the Fourteenth Amendment explicitly prohibits deprivations without due process by the several States." *Castillo v. McFadden*, 399 F.3d 993, 1002 n. 5 (9th Cir. 2005) (emphasis added). Here, the physician defendants and other, non-government defendants are not state actors according to the allegations in the complaint.

Turning to the Fourteenth Amendment, the Due Process Clause of the Fourteenth Amendment protects two distinct but related rights. The right to procedural due process prohibits the government from depriving an individual of a liberty or property interest without following the proper procedures for doing so; due process requires an opportunity to be heard at a meaningful time and in a meaningful manner. *See, e.g.*, *Davis v. Scherer*, 468 U.S. 183, 202 (1984); *Wolff v. McDonnell*, 418 U.S. 539, 558-66 (1974). The right to substantive due process protects individuals from being deprived of certain interests notwithstanding the procedures followed. *Blaylock v. Schwinden*, 862 F.2d 1352, 1354 (9th Cir. 1988). A substantive due process violation is one which "shocks the conscience." *Wood v. Ostrander*, 879 F.2d 583, 591 n.8 (9th Cir. 1989). It occurs in a situation in which "the government's action was clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare." *Sinaloa Lake Owners Ass'n v. City of Simi Valley*, 864 F.2d 1475, 1484 (9th Cir. 1989) (internal quotation marks omitted).

**MEMORANDUM DECISION AND ORDER - 11**

Plaintiff has not set forth facts establishing either a colorable procedural due process claim or a substantive due process claim. Plaintiff has not identified what process or procedures are applicable; and how those procedures were violated as they relate to him. Even if Plaintiff could allege facts establishing the applicable procedures, it appears that Plaintiff has not invoked any process. Nor has Plaintiff explained how fixing his personal property—his copier—has interfered with his constitutionally protected property rights.

Accordingly, under the facts alleged, Plaintiff has not alleged a violation of his right to due process pursuant to Section 1983 under either the Fifth or Fourteenth Amendment. As for his claim under the Sioux Treaty, Plaintiff has not identified how the facts alleged support a violation of any section of the Treaty.

## 5. Statute of Limitations

Even if Plaintiff could amend his complaint, the statute of limitations is fatal to his claim. The initial events precipitating Plaintiff's alleged constitutional violations and the conspiracy occurred in 2003 and 2004. In a civil rights case brought under § 1983, the statute of limitations is determined by the law of the state in which the action arose. *Wallace v. Kato*, 549 U.S. 384, 387 (2007) (citing *Owens v. Okure*, 488 U.S. 235, 249–250 (1989); *Wilson v. Garcia*, 471 U.S. 261, 279–80 (1985)). Section 1983 claims are subject to the state statute of limitations for personal injury actions because such claims have been found analogous to actions for injuries to personal rights. *Wilson*, 471 U.S. at 277 (later overruled only as to claims brought under the Securities Exchange Act of 1934). Because the events appear to have occurred in Pennsylvania, the Court will look to

**MEMORANDUM DECISION AND ORDER  - 12**

the Pennsylvania statute of limitations period for claims alleging personal injury. In Pennsylvania, the limitations period for claims alleging personal injury is two years. 13 Pa.C.S.A. § 5524.

Conversely, federal law determines when a claim accrues. *Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 926 (9th Cir. 2004). A civil rights claim accrues when the plaintiff knows or should know of the injury that forms the basis of the cause of action. *See id.* (citing *Two Rivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999)). A plaintiff "must be diligent in discovering the critical facts," or his claim will be barred if he "should have known in the exercise of due diligence." *Bibeau v. Pacific Northwest Research Foundation*, 188 F.3d 1105, 1108 (9th Cir. 1999).

Here, the face of the complaint indicates the cause of action accrued in 2004, almost eleven years ago. Although Plaintiff alleges an ongoing conspiracy of some sort, the complaint is devoid of any facts indicating how the conspiracy and alleged cover up of the incident with the gun and the copier relate to his constitutional claims and the claims allegedly arising under the Sioux Treaty. The vague and conclusory allegations of a conspiracy, especially when they relate to two discrete events (the gun and copier incident) are not sufficient to overcome the bar of the statute of limitations.

## CONCLUSION

Even assuming all facts and assertions in the complaint are true, Plaintiff may not proceed. This Court lacks jurisdiction. Even if this Court has jurisdiction under the identified Constitutional provisions, this Court is not the proper venue. Plaintiff's claims fail also under Rule 8, the statute of limitations, and substantively, because Plaintiff has

**MEMORANDUM DECISION AND ORDER - 13**

not alleged claims either against state actors, or, for the named state actors, Plaintiff has not explained how the named individuals deprived him of any process he was due. Plaintiff has not identified how or when the Sioux Treaty was violated by any named Defendant. Finally, the complaint cannot be saved by amendment, because there are no facts Plaintiff could add to timely allege a violation of his rights under the circumstances described.

The Court therefore recommends that the District Judge consider an order dismissing the complaint without leave to amend.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED that:**

The Clerk of the Court reassign this matter to a District Judge to consider an order dismissing the Complaint without leave to amend.

Dated: **June 26, 2015**

Honorable Candy W. Dale
United States Magistrate Judge