UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

FREDERICK BANKS,

    Plaintiff,

v.

TIMOTHY PIVNICHNY, et al.,

    Defendant.

Case No. 1:15-CV-00189-EJL

**MEMORANDUM DECISION AND ORDER**

## INTRODUCTION

This matter is before the Court on a Motion to Vacate Judgment filed by Plaintiff Frederick Banks ("Plaintiff") (Dkt. 17) of the Court's order dismissing his case for lack of jurisdiction (Dkts. 12;15). Defendants have not appeared.

## BACKGROUND

In general, this case arises out of events that occurred in 2003 and 2004, when Defendant Special Agent Timothy Pivnichy, of the FBI, purportedly interviewed Plaintiff's fiancée, Meredith Bondi, in an alleged attempt to intimidate her and presumably incriminate Plaintiff.[1] Plaintiff alleges that he reported this

---

[1] The full procedural background and facts of this case are well articulated in the Magistrate Judge's Order recommending dismissal of Plaintiff's case (Dkt. 12) and the Court incorporates the same in this Order.

1

incident, but that an elaborate cover up ensued. The various defendants named in the complaint include forty-four judges who are not judges in the District of Idaho; several United States Senators, including Hillary Rodham Clinton and Mitt Romney; the "United States Senate" and "Congress"; one newspaper; the CIA, including its director, and the office of Science and Technology; the FBI, including its director; President Obama; the United States District Court for the Western District of Pennsylvania; the Administrative Office of the United States Courts; the United States Probation Office; and several physicians and other named individuals, none of whom appear to reside in Idaho. Plaintiff also does not reside in Idaho. Nor do any of the events alleged in the complaint appear to have occurred in Idaho.

Magistrate Judge Candy W. Dale recommended dismissal of Plaintiff's complaint for several reasons, including lack of subject matter jurisdiction, improper venue, failure to comply with Rule 8 of the Federal Rules of Civil Procedure, failure to state a claim pursuant to 42 U.S.C. § 1983 under either the Fifth or Fourteenth Amendment, and failure to identify any facts supporting a violation of the Sioux Treaty.[2] Judge Dale also determined Plaintiff's complaint

---

[2] Plaintiff did not pay a filing fee with his complaint and instead filed an application to proceed in forma pauperis. (Dkt. 1.) Section 1915(e) of Title 28 of the United States Code authorizes federal courts to dismiss claims filed in forma pauperis "at any time if the court determines that … the action … is frivolous or

2

was time-barred under the applicable statute of limitations.  (Dkt. 12, pp. 12-13.)  Upon finding Judge Dale's Order and recommendation well-founded, this Court dismissed Plaintiff's case in its entirety, with prejudice.  (Dkt. 15.)

Shortly after the Court's Order of Dismissal, Plaintiff filed a one-page "Motion to Vacate Judgment/Void Judgment Fed.R.Civ.Proc. 60(b)(4)" (Dkt. 17).

## STANDARD OF LAW

Federal Rule of Civil Procedure 60(b) provides that the Court may reconsider a final judgment or any order based on: "(1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief." *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citations omitted).  Under Rule 60(b)(6), the party seeking relief "must demonstrate both injury and circumstances beyond [his] control that prevented [him] from proceeding with the action in a proper fashion." *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006) (quoting *Cmty. Dental Services v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002)).

---

malicious … [or] fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B).

A motion for relief from judgment pursuant to Rule 60(b) is considered a form of "extraordinary relief" reserved for "exceptional circumstances." *Engleson v. Burlington N. R. Co.*, 972 F.2d 1038, 1044 (9th Cir. 1992) (citation omitted). The moving party bears the burden of providing the existence of fraud, misconduct, or any other ground for relief. *Atchison, T & S.F. Ry. Co. v. Barrett*, 246 F.2d 846, 849 (9th Cir. 1957).

## DISCUSSION

In his motion, Plaintiff argues the judgment should be vacated because the Court failed to recognize that "when an issue is related to affecting an Indian's Right to property The Statute of limitations is tolled" [sic]. (Dkt. 17.) Plaintiff does not argue that relief from judgment is warranted because of mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, a void judgment, satisfaction of the judgment, or due to any extraordinary circumstances which rendered him unable to prosecute his case. Instead, Plaintiff devotes his Motion to Vacate exclusively to the argument that the statute of limitations does not apply because he is an American Indian. Even if the Court were to accept this argument, Plaintiff does not challenge any of the other grounds upon which his complaint was dismissed. As mentioned, Judge Dale found the Court lacked subject matter jurisdiction, that venue was improper, and that Plaintiff failed to comply with Rule 8 of the Federal Rules of Civil Procedure, failed to state a claim

pursuant to 42 U.S.C. § 1983 under either the Fifth or Fourteenth Amendment, and failed to identify any facts supporting a violation of the Sioux Treaty. Plaintiff does not challenge any of the aforementioned findings in his Motion to Vacate. Further, although Plaintiff claims the Court should have allowed him to amend his complaint to set forth facts to establish jurisdiction and proper venue, he does not identify any facts to challenge Judge Dale's findings with respect to subject matter jurisdiction or venue.

      The Court has reviewed Plaintiff's papers and considered his arguments, and finds no basis for vacating the judgment under Rule 60. Plaintiff's Motion to Vacate (Dkt. 17) is accordingly **DENIED**.

DATED: January 24, 2017

Edward J. Lodge
United States District Judge